IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

CARLOS ZAPATA VILLANUEVA,
*Petitioner*,

v.

TODD BLANCHE, *et al.*,
*Respondents*.

1:26-cv-1039-MSN-WBP

<u>ORDER</u>

Carlos Zapata Villanueva ("Petitioner") has filed a three-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). ECF 1. Specifically, Petitioner alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act ("INA") (Count I), his due process rights (Count II), and the Administrative Procedure Act (Count III).

Petitioner is currently detained at the Farmville Detention Center in Farmville, Virginia. He has sued Robert Guadian, the Acting Field Office Director of ICE Enforcement and Removal Operations ("ERO") and Markwayne Mullin, the DHS Secretary (collectively "Federal Respondents"). He has also sued Jeffrey Crawford, the warden of the Farmville Detention Center.

In response to the Court's Order of April 16, 2026 (ECF 2), Federal Respondents have confirmed that the legal issues presented in the Petition do not differ in any material fashion from those presented in *Servellon Martinez v. Lyons*, 1:25-cv-1792 (E.D. Va. Nov. 7, 2025). ECF 4. However, they also state that Petitioner was taken into civil immigration custody because he violated his prior immigration bond by way of a conviction for DUI and being charged in state

court with drug distribution. *Id*. Accordingly, the Court incorporates the filings from *Servellon Martinez* into this case and for the reasons that follow, the Court will grant the Petition as to Count II.[1]

## I. BACKGROUND

Petitioner is a citizen of Mexico. ECF 4-1 ¶ 5. Petitioner has been in and out of the United States at various times since 1992. ECF 1 ¶ 10; ECF 4-1 ¶¶ 6-10. On November 6, 2011, he was arrested by Prince William County Police officers for DUI, *id*., which resulted in his encounter by ICE ERO officers, who issued him a Notice to Appear charging him with being inadmissible to and removable from the United States under 8 U.S.C. § 1182(a)(6)(A)(i). ECF 4-1 ¶ 10. Several days later, on November 11, 2011, Petitioner was ordered released on a $7,000 bond set by an Immigration Judge. *Id*. ¶ 11.

In March 2012, Petitioner was found guilty of DUI. *Id*. ¶ 12. In January 2020, Petitioner's applications for relief were denied and he was ordered removed to Mexico, but in May 2024, the BIA remanded the case for preparation of a full decision and administrative return to the BIA after completion of a full decision. *Id*. ¶¶ 13-15. In July 2024, an Immigration Judge issued a written decision denying Petitioner relief and ordering him removed to Mexico and returned the case to the BIA for final adjudication of appeal. *Id*. ¶ 16. Petitioner's appeal remains pending at the BIA.

On January 20, 2026, Petitioner was arrested by Fauquier County Police officer for felony drug distribution. *Id*. ¶ 17. On March 28, 2026, Petitioner was taken into civil immigration detention by ICE, which Federal Respondents aver was based on his DUI conviction and pending drug distribution charges violating the terms of his prior bond. *Id*. ¶ 18. He has since been detained at the Farmville Detention Center. ECF 1 ¶ 13.

---

[1] Because the Court grants the Petition as to Count II, it need not address Petitioner's other claims.

## II.    ANALYSIS

The Petition initially framed Petitioner's detention as a matter of whether he is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under 8 U.S.C. § 1226(a). The Petition asserted that Petitioner was being improperly refused a bond redetermination hearing on the basis of the BIA's decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).[2] ECF 1 ¶ 34. Federal Respondents' response added the wrinkle of Petitioner's prior bond and his DUI conviction and drug distribution charges but otherwise agreed that *Servellon Martinez* was legally analogous. This Court agrees. The bond regulations entitle Petitioner to appeal the revocation of his bond and his redetention to an immigration judge and if requested, to the BIA. *Garcia v. Jamison*, 2026 WL 1122608, at *6 (E.D. Pa. April 24, 2026) (citing 8 C.F.R. § 1003.19(a)) (recognizing right of petitioner previously released on IJ bond but redetained because he violated domestic protective order to appeal to IJ).

Federal Respondents notably "make no argument regarding the revocation of [Petitioner's] bond" but "make[] [their] standing argument," as in *Servellon* Martinez, that Petitioner is an "applicant for admission" who is "seeking admission" such that he is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2). *Id*. at *4. In *Servellon Martinez*, Federal Respondents "recognize[d] that this Court and other jurists of this Court recently rejected Federal Respondents' arguments" to the contrary. ECF 5 at 1, No. 1:25-cv-1792 (E.D. Va. Oct. 23, 2025); *see also, e.g.*, *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); *Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025). Nevertheless, they raised these same arguments "to preserve them for appeal." ECF 5 at 1, No. 1:25-cv-1792 (E.D. Va. Oct. 23, 2025).

---

[2]    The Petition does not specify whether Petitioner has sought to appeal his redetention to an IJ. However, Federal Respondents have waived any argument that Petitioner failed to exhaust his claims.

At bottom, Federal Respondents' argument is that anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. *Id.* at 5–14. They therefore argue that because Petitioner is present in the United States but has not been legally "admitted," he should be considered an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). *Id.*

Federal Respondents' argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[3] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. *See, e.g.*, *Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *8–9 (E.D. VA. Sept. 19, 2025); *Romero v. Hyde*, No. 25-cv-11631, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have [an] extremely limited (if any) application." *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025) (footnote omitted). This Court has previously addressed several of these points in *Quispe-Ardiles*, 2025 WL 2783800, and adopts and incorporates that reasoning into this Order. *See also, e.g.*, *Flores Pineda v. Simon*, No. 1:25-cv-01616-AJT-WEF, 2025 WL 2980729, at *2 nn.2 & 3 (E.D. Va. Oct. 21, 2025) (providing additional explanation for why § 1225(b)(2) does not apply).

---

[3] *See Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799, at *6 & n.9 (E.D. Va. Sept. 29, 2025) (collecting cases).

Because Petitioner has been present in the United States for at least fifteen years, and because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), his detention is governed by § 1226(a). And under § 1226(a) and its implementing regulations, he is entitled to a bond hearing before an IJ in which the IJ must determine whether he poses a danger to the community or a risk of flight. 8 U.S.C. § 1226(a); 8 C.F.R. § 1236.1(d)(1). Unless the IJ makes such a determination, Petitioner's continued detention is unlawful and, for many of the reasons stated in *Quispe-Ardiles*, 2025 WL 2783800, at *8–10, violates his right to due process.

## III.   CONCLUSION

For all the reasons stated above, the Petition (ECF 1) is GRANTED, and it is hereby

ORDERED that that Federal Respondents provide Petitioner with a standard bond hearing before an IJ pursuant to 8 U.S.C. § 1226(a) within ten (10) days of the date of the entry of this Order; and it is further

ORDERED that Federal Respondents are ENJOINED from denying bond to Petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2); and it is further

ORDERED that Federal Respondents file a status report with this Court within 3 days of the bond hearing, stating whether Petitioner has been granted bond, and, if his request for bond is denied, the reasons for that denial.

**IT IS SO ORDERED.**

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

/s/
_____
Michael S. Nachmanoff
United States District Judge

April 30, 2026
Alexandria, Virginia